UNION INVESTMENT COMPANY INC. *v.* SQUIRES.

No. 9618.   FEBRUARY 14, 1934.

*R. R. Jackson,* for plaintiff in error.   *V. K. Meador,* contra.

BELL, J.   T. L. Squires filed an equitable suit against Union Investment Company.   The defendant filed a counter-claim in two counts in which it sought to recover in law and in equity respectively a stated sum of money against the plaintiff.   After a dismissal of the plaintiff's action, the defendant filed in the same cause a declaration to the effect that "the defendant is here and now proceeding as plead" in the counter-claim; "that in law and equity" it is "entitled to prosecute and prevail" therein; that the pleadings and exhibits in the counter-claim "speak the truth and show that said plaintiff is liable and this defendant should recover of plaintiff the sums named" in the counter-claim.   Wherefore the defendant prayed "that process issue directed to plaintiff; that a rule nisi issue, and that plaintiff show cause before the judge of said court hearing motions why the relief prayed for should not be granted; and for such other and further relief as by law allowed and as equity and good conscience demands."

Process was issued, requiring the plaintiff to appear at the next term of the court to answer the defendant's complaint.   The court also issued a rule nisi calling upon the plaintiff to show cause why the prayers of the defendant should not be granted.   The plaintiff appeared and filed a general demurrer to the petition of the defendant as last referred to, and a plea of res judicata, alleging that by a previous judgment of the court the plaintiff's original petition and the defendant's counter-claim had each been dismissed.   The defendant demurred to the plea of res judicata for insufficiency. The court did not rule specifically on this demurrer, but rendered a judgment sustaining both the plaintiff's demurrer and his plea of res judicata.   The defendant excepted to this judgment, and to the failure of the court to sustain the demurrer to the plea of res judicata.   It is unnecessary to state the contents of the alleged counter-claim as shown in the record, or to state any other facts pertaining to the cause.

The court did not err in sustaining the general demurrer to the

declaration or petition as filed by the defendant, in which it sought to proceed upon the counter-claim as previously filed. If the counter-claim was not dismissed along with the plaintiff's suit, it remained as a pending action, and there was no necessity or authority for bringing a new declaration or petition for the purpose of obtaining a recovery thereon. On the other hand, if the counter-claim was in fact dismissed by an order broad enough for that purpose, the defendant could not revive the same merely by asserting his right to proceed thereon and calling upon the plaintiff to show cause to the contrary; but it would be first necessary to vacate or avoid the dismissal in some appropriate proceeding. Since, in either view, the plaintiff's demurrer was properly sustained, it is unnecessary to deal with that portion of the judgment which "sustained the plea of res judicata," or to rule in any manner on the failure of the court to sustain the defendant's demurrer; and this is true whether the judgment should be construed as overruling the demurrer, or as failing altogether to make any adjudication upon it. See Civil Code (1910), §§ 4348, 5548; *Mordecai* v. *Stewart,* 37 *Ga.* 364 (5); *Harris* v. *Hines,* 59 *Ga.* 427.

*Judgment affirmed. All the Justices concur.*